9763

SOUTHERN STATES PHOSPHATE & FERTILIZER CO. *ET AL.* v. WEEKLEY *ET AL.*

(93 S. E. 190.)

1. Husband and Wife—Mortgage of Wife's Property by Husband—Right of Creditor to Complain.—Where a wife allowed her husband to mortgage her personal property, the only ones who can complain are the mortgagees.

2. Fraudulent Conveyances—Purchase of Property by Wife—Evidence—Sufficiency.—In a creditors' bill brought by judgment creditors against a husband and wife to set aside certain deeds made to the wife for fraud on the theory that the lands were purchased with the husband's money and were subject to his debts, evidence *held* not to show that the husband's money bought the lands or that there was any fraud in the purchases.

3. Husband and Wife—Purchase of Property by Wife—Presumption.—There is no presumption of law that when a married woman purchases property from a third person the husband furnishes the money.

Before Shipp, J., Barnwell, July, 1915.    Affirmed.

Action by the Southern States Phosphate & Fertilizer Company and another against John F. Weekley and others. Judgment for defendants, and plaintiffs appeal.

*Messrs. Thos. M. Boulware, J. O. Patterson, Jr.,* and *R. C. Holman,* for appellants, cite: *As to burden of proof of*

Footnote.—As to validity of arrangements for household expenses as against husband's creditors, see notes in 43 L. R. A. (N. S.) 685 to 695.

*ownership of money:* 94 S. C. 65; 98 S. C. 406.   *Burden of proof of notice of fraud:* 77 S. C. 541.   *Constructive trusts, or trusts ex maleficio:* Pomeroy Eq. Juris. (3d ed.), secs. 1044 and 1057; 39 Cyc. 26 and 33; 5 Am. State Rep. 593; 48 Mo. 115; 19 Dec. Dig. 1579.   *In favor of all creditors:* 90 Am. Dec. 733; 92 Am. Dec. 475; 95 Am. Dec. 794.

*Messrs. Bates & Simms,* for respondents, rely on the following cases cited in the Circuit decree: *As to burden of proof:* 35 S. C. 436.   *Relation of husband and wife as bearing on proof of fraud:* 85 S. E. 590.   *Possession of wife's lands by husband:* 20 S. C. 235; 2 Strob. Eq. 113.   *Resulting trusts:* 46 S. C. 193; 51 S. C. 37; 94 S. C. 65.   *Laches:* 62 S. C. 89; 76 S. C. 171; McMul. Eq. 134; 24 S. C. 99; 21 S. C. 124; 93 U. S. 55.   *Limitation of actions:* 77 S. C. 541; 101 U. S. 135.

July 14, 1917.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is a creditors' bill brought against John F. Weekley and Annie E. Weekley, his wife, to set aside certain deeds for fraud made to Mrs. Weekley on the ground that the lands were purchased with the money of John F. Weekley, and that the lands were subject to his debts.   The Court on the trial on Circuit, Judge Shipp presiding, held that these allegations were not sustained by the evidence.   From this finding this appeal is taken.   There are 39 exceptions, but, as this Court sees it, only one question legitimately arises, because if the evidence does not show fraud, and that the lands were purchased with the money of John F. Weekley, then we need not consider the question of the time of the discovery of the fraud, etc.

The cardinal facts are few, and it is not necessary to incumber the reports with a discussion of unnecessary facts.

Mr. and Mrs. Weekley were married about 1889. Neither had any property. Mr. Weekley rented a farm. Unmerciful disaster seems to have followed him fast and followed him faster, until he was insolvent. Mrs. Weekley's father came to the assistance of his daughter, gave her two mules, and fed them. He sent his hands to work her crops, and assisted her in various ways. The business was at that time the business of Mrs. Weekley. Mrs. Weekley got a piece of land from her mother. Then Mr. Weekley, as trustee for his infant son, J. C. Weekley, came in possession of some money, which he invested in land, "the home place." This land J. C. Weekley conveyed to his mother after he came of age. Whatever rights J. C. Weekley might have had to require an accounting for the land bought with his money, the creditors of J. F. Weekley certainly had none. Mrs. Weekley bought other lands from time to time, but not from her husband. Mrs. Weekley bought lands, paid a part of the purchase money in cash, and gave her mortgage for the credit portion. Some of these mortgages are still unpaid. Mrs. Weekley had the use of the lands, and it has not been shown that the income from the property was insufficient to take care of the mortgages. It has not been shown that Mrs. Weekley's income was insufficient to buy the lands purchased.

It is true that at one time Mr. Weekley said he had no other business than to take care of his wife's property, and again that he had rented and farmed on his own account. Whether the Court holds that Mr. Weekley did or did not have other business, it would not justify the taking of these lands from the wife. There is no law that requires a husband to charge his wife for the care of her property. There is no evidence that he made any charge. If he had an independent business, then the law requires him to support his wife and children from his independent business. Mr. Weekley had a wife and eight children. The law does not require Mrs. Weekley to draw on her income to support the

family and if there was no draft on it, her property would probably increase rapidly.

It is also true that Mrs. Weekley allowed her husband to mortgage some of her personal property, but the only ones who can complain are the mortgagees, and they are not complaining.

The only unrecorded deed is that from J. C. Weekley, and no creditor of J. C. Weekley is complaining.

Mrs. Weekley has dealt liberally with her husband. Many wives do, but they do not lose their property on that account, unless they have misled their husband's creditors. The plaintiffs do not show that they have been misled. Mrs. Weekley put the world on notice that the land was hers by the record of her deeds. These plaintiffs dealt with the husband with at least constructive notice that the land belonged to his wife. They demanded no security before the sale, and it would be unjust to allow them to get it now from the wife. The plaintiffs are judgment creditors of the husband, and they do not yet claim that they extended credit to the wife. They do not show that Mr. Weekley misled them in any way, or that Mrs. Weekley knew of the purchases.

The plaintiffs have utterly failed to show that the husband's money bought the lands or that there was any fraud in the purchases.

We have been referred to no authority, and we know of none, that holds that when a married woman purchases property from a third person there is a presumption of law that the husband furnished the money. The rule sometimes works a hardship in transactions between husband and wife. We have not extended, and will not extend, it to transactions between a married woman and a third person, except under compelling authority.

The judgment is affirmed.